The Honorable Florence Shapiro Chair, Senate Committee on Education Texas State Senate P.O. Box 12068 Austin, Texas 78711-2068
Re: Whether a home-rule municipality may operate a cemetery (RQ-0614-JC)
Dear Senator Shapiro:
You ask whether a home-rule municipality may operate a cemetery.
Chapter 711 of the Health and Safety Code sets forth various provisions relating to cemeteries. Section 711.021 thereof provides that "[a]n individual, corporation, partnership, firm, trust, or association may not engage in a business for cemetery purposes in this state unless the person is a corporation organized for those purposes," and imposes certain requirements upon entities wishing to maintain and operate a cemetery. Tex. Health Safety Code Ann. § 711.021(a) (Vernon Supp. 2003). Subsection (g) of that statute, however, specifically declares that "[t]his section does not apply to," inter alia, "a public cemetery belonging to this state or a county or municipality."Id. § 711.021(g).
Section 713.001 of the Health and Safety Code provides:
The governing body of a municipality may:
(1) purchase, establish, and regulate a cemetery; and
(2) enclose and improve a cemetery owned by the municipality.
Id. § 713.001. Because section 713.001 specifically fails to include the word "operate," you ask whether the absence of "a specific grant of authority for the operation to be vested in a city" prohibits a home-rule municipality from operating a cemetery, thus requiring the city "to contract with a qualified corporation" under section 711.021.[1]
The authority to "purchase, establish, and regulate a cemetery" includes the authority to operate it. First, section 713.002(a) indicates that a municipality may operate a cemetery: "A municipality that owns or operates a cemetery or has control of cemetery property may act as a permanent trustee for the perpetual maintenance of the lots and graves in the cemetery."Id. § 713.002(a) (Vernon 1992) (emphasis added). Second, nothing in subchapter A of chapter 713, regarding municipal regulation of cemeteries, suggests that a municipality must contract with a private entity to operate a cemetery that the municipality itself owns.
Finally, a home-rule city, unlike other types of municipality, by virtue of the home-rule amendment to the Texas Constitution, article XI, section 5, has broad authority to exercise all powers not prohibited by statute. See Tex. Const. art. XI, § 5; Tex. Loc. Gov't Code Ann. § 51.072(a) (Vernon 1999) (a home-rule "municipality has full power of local self-government"). A home-rule municipality need not look to the legislature for grants of power but only for limitations on its powers. Proctorv. Andrews, 972 S.W.2d 729, 733 (Tex. 1998). A legislative limitation on the authority of a home-rule municipality may be express or implied, but the intent of the legislature to impose such a limitation must appear with "unmistakable clarity." Cityof Sweetwater v. Geron, 380 S.W.2d 550, 552 (Tex. 1964).
In the absence of any statutory limitation, either express or implied, on the power of a home-rule municipality to operate a cemetery, we conclude that a home-rule municipality is authorized to operate a cemetery.
 SUMMARY
A home-rule municipality is authorized to operate a cemetery.
Very truly yours,
 GREG ABBOTT Attorney General of Texas
BARRY R. McBEE First Assistant Attorney General
DON R. WILLETT Deputy Attorney General — General Counsel
NANCY S. FULLER Chair, Opinion Committee
Rick Gilpin Assistant Attorney General, Opinion Committee
[1] Letter from Honorable Florence Shapiro, Chair, Senate Committee on Education, to Honorable John Cornyn, Texas Attorney General at 2 (Sept. 30, 2002) (on file with Opinion Committee).